**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 22-CR-0087-KKC**

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

**V.**          **UNITED STATES' RESPONSE TO DEFENDANT'S**
**MOTION FOR REVOCATION OF MAGISTRATE'S**
**DETENTION ORDER AND MOTION TO RELEASE FROM CUSTODY**

**JONATHON W. ANDERSON**                                                                      **DEFENDANT**

\* \* \* \* \*

The United States opposes the Defendant's motion for release from custody (DE # 17) as the Defendant has waived his right to review of the magistrate's detention order and has provided an insufficient change in circumstances to merit reconsideration of his detention. Furthermore, the Defendant's detention is appropriate and favored under the Bail Reform Act.

## PROCEDURAL HISTORY

On July 21, 2022, a federal grand jury returned an indictment charging the Defendant with one count of being a prohibited person in possession of four firearms based upon a prior misdemeanor crime of domestic violence, a violation of 18 U.S.C. § 922(g)(9), and one count of being in possession of machineguns, a violation of 18 U.S.C.

1

§ 922(o). (DE # 1: Indictment).  An initial appearance was held on July 26, 2022, at which time the Defendant requested a hearing after the United States moved for detention based on the firearms involved pursuant to 18 U.S.C. § 3142(f)(1)(E). On August 9, 2022, a detention hearing was held before United States Magistrate Judge Edward B. Atkins. Neither the Defendant nor the United States presented witnesses, but, rather, proffered information to the Court based upon the pre-trial services report. On August 10, 2022, an order was issued granting the United States' motion for detention. (DE # 14: Detention Order). No objections to the magistrate's order or findings were filed by the Defendant following the issuance of the order. On September 1, 2022, the Defendant filed a motion to revoke the Detention Order and subsequently release the Defendant from custody.

**ARGUMENT**

A. **The Defendant's Motion is Waived. Alternatively, the Defendant Presents No New Material Information Previously Unknown to Him.**

The Defendant's motion should denied as it is untimely and waived. While not specifically cited, it appears that the Defendant's motion is made under 18 U.S.C. § 3145(b) which allows a Defendant to file a motion for revocation or amendment of a magistrate's detention order. However, Federal Rule of Criminal Procedure 59(a) sets out the timeframe for a party to file any objections to a magistrate's order and determinations as to non-dispositive matters in a proceeding. "A party may serve and file objections to the order **within 14 days** after being served with a copy of a written order or after the oral

2

order is stated on the record." Id. (bold emphasis added). "Failure to object in accordance with this rule **waives a party's right to review**." Id. (bold emphasis added).

Magistrate Atkins's issued the detention order on August 10, 2022. (See DE # 14). The Defendant did not file his motion for revocation of the detention order until September 1, 2022 (See DE # 17). More than fourteen days had elapsed from the date the order was issued and the Defendant's motion. Under Rule 59, the motion is untimely, and the Defendant has waived his right for review.

The more appropriate mechanism for the Defendant to challenge his detention is by motion to the magistrate pursuant to 18 U.S.C. § 3142(f)(2); however, even this must fail. After an order of detention has been determined by a judicial officer, a party may move to have the detention hearing reopened at any time before trial. 18 U.S.C. § 3142(f)(2). Such a motion should be submitted to "the same judicial officer who entered the initial order." United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003); see also United States v. Baker, No. 6:21-CR-32-CHB, 2021 WL 2744512, *4 (E.D. Ky. July 1, 2021). However, the reopening of the hearing may only occur "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of appearance and safety. 18 U.S.C. § 3142(f)(2). Nowhere in the Defendant's motion does he present any new information previously unknown to him at the time of the detention hearing, and, therefore, his motion must fail under § 3142(f)(2) as well.

Rather than provide new information for consideration, the Defendant only relitigates the same points previously raised concerning his personal, criminal, and substance abuse history, all of which were presented to Magistrate Atkins at the time of the detention hearing. For example, the Defendant correctly points out an inaccuracy in the detention order that the Defendant stands charged with a violation of 18 U.S.C. § 922(g)(1) when, in fact, he has been charged with a violation of 18 U.S.C. § 922(g)(9); however, the Defendant readily admits that "[t]he lack of a felony conviction was the first comment made by defense counsel during the bond hearing and the bond report is clear that Anderson is not a convicted felon." DE # 17; Defendant's Motion for Revocation of Mafistaret's Detention Order and Motion to Release from Custody, PID # 48. The Defendant points to his employment, family, child support payments, the timing of the charges and indictment, and the alleged resolution of substance abuse issues as support for release. However, each of these items was either presented by the Defendant at the detention hearing or known to the Defendant at the time.

The Defendant does not specify whether his motion is made pursuant to 18 U.S.C. §§ 3145(b) or 3142(f)(2); however, regardless of the applicable statute, the Defendant's motion should be denied either because he has waived his right to appeal the order under Rule 59 or he has failed to present any new material information previously unknown to him at the time of the detention hearing.

**B.  <u>The Defendant's Detention is Appropriate under the Bail Reform Act</u>**

Should the Court allow the Defendant's motion to proceed on the meris, the Court

should still deny the motion as detention is favored upon a review of the factors under 18

U.S.C. § 3142(g). While the Sixth Circuit has not mandated a particular standard of

review, there is support that the Court conduct a *de novo* review applying the factors

under § 3142(g). See <u>United States v. Williams</u>, No. 2:20-CR-142, 2020 WL 6866404, *2

(S.D. Ohio November 23, 2020); <u>United States v. Crane</u>, No. 5:15-005-DCR, 2015 WL

4424957, *2 (E.D. Ky. July 17, 2015); <u>United States v. Yamini</u>, 91 F.Supp.2d 1125,

1127-1129 (S.D. Ohio February 24, 2000).

　　1. <u>Nature and Circumstances of the Offense</u>

The Defendant is charged with two offenses: (1) unlawful possession of a firearm

after being convicted of a misdemeanor crime of domestic violence, a violation of 18

U.S.C. § 922(g)(9); and (2) possession of a machinegun, a violation of 18 U.S.C. §

922(o). Both offenses involve the unlawful possession of firearms; however, even the

named charges do not give full effect to the extent of the criminal violations. ATF special

agents executed a federal search warrant on the Defendant's residence on June 8, 2021.

During the search, agents located approximately twenty-two firearms in the residence. Of

those firearms, five could be traced to an original buyer while the remaining were

personally made firearms. Two of the personally made firearms were confirmed to be

machineguns, with a hole observed drilled into the firearms lower receivers allowing the

weapon to fire automatically. In addition to the firearms, agents also located thousands of

5

rounds of assorted ammunition as well as several loaded magazines and firearm manufacturing tools.

    2. <u>The History and Characteristics of the Person</u>

Since 2010 the Defendant has been charged with seven DUI and/or DUI-related offenses. Intermixed with these offenses are also charges involving drug possession, alcohol use, and theft. Many of these offenses occurred while on probation or on bond conditions for similar offenses. Additionally, the current federal charges against the Defendant occurred while the Defendant was on bond pending a state felony indictment in Scott County Circuit Court for a DUI Fourth Offense and Wanton Endangerment First Degree.

More recently, the Defendant has shown an inability to follow basic court conditions. For example, on March 4, 2019, the Defendant was charged with a DUI Fourth Offense, Careless Driving, and Driving on a DUI Suspended License Second Offense. The Defendant was released on bond conditions with orders that he not use alcohol or drugs and not operate a motor vehicle. Nonetheless, on March 31, 2019, four weeks later, the Defendant was charged with another DUI and the aforementioned Wanton Endangerment First Degree charge in Scott County after he wrecked a vehicle into a tree while his nine year-old child was a passenger. Contrary to the Defendant's suggestion of an "inflammatory comment" made by the United States at the detention hearing, the pre-trial services report includes a narrative of this incident wherein it is

6

reported that the Defendant was digging in his pockets and "mumbled a comment about crushing a Xanax."

Furthermore, the Defendant alleges that he has had no new charges since the date of the search warrant and the indictment in this matter. This is also incorrect. On October 12, 2021, after the execution of the search warrant and while on bond conditions for the state felony case (including new conditions that he, again, not operate a motor vehicle), the Defendant was charged with Operating on a Suspended License after he was observed operating a motor vehicle.

The Defendant has also shown a consistent history of failing to appear in court. As noted by Magistrate Atkins (DE # 14 at PID # 27-28) and reflected in the pre-trial services report, the Defendant has had eight warrants issued for failing to appear. This further weighs against release under § 3142(g)(3)(A).

3. The Nature and Seriousness of Danger to Any Person or Community

The Defendant's release would impose a significant risk of danger to other persons and the community. First, in the pre-trial services report, the Defendant reported no longer suffering from substance abuse issues with a last reported use being five years ago. However, the Defendant's criminal history over that time, reflecting multiple DUIs and examples of being under the influence, call the Defendant's claim into serious question. Even if the Defendant is no longer using prescription medications as claimed in his motion, there is little confidence to conclude that it will stay this way upon release given the Defendant's repeated violations of the law and bond conditions in similar

7

situations. Furthermore, driving under the influence places a serious risk of harm to the community and other drivers, and based on the Defendant's history, it is reasonable to conclude that such a danger will persist upon the Defendant's release.

The Defendant's release would also pose a significant risk of danger to other persons. The Defendant argues in support of release that he has partial custody of two minor children; however, this is unavailing as the Defendant's history also expresses a risk of danger to his minor children. As previously noted, the pending state felony matter in Scott County involved a vehicle collision with a tree where the Defendant was driving with his nine year-old child inside. According to the narrative from the pre-trial services report, the Defendant's ex-wife had reported receiving a call from her and the Defendant's minor child stating that the Defendant had "put something in his nose," twenty minutes prior to the collision. Further, on May 20, 2021, leading into the ATF investigation, Versailles Police were called in reference to the Defendant attempting to, again, drive a motor vehicle with his minor children inside. After responding, officers did not charge the Defendant, opting to drive the Defendant home instead. Nonetheless, the minor children requested to gather their belongings and leave the Defendant's residence that same date.

4. The Weight of the Evidence

The factor concerning the weight of the evidence "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." United States v. Stone, 608 F.3d 939, 948 (6th Cir. 2010). In the present matter, the

"weight of the evidence" factor overlaps with the other three factors under § 3142(g). Taking into consideration the Defendant's history and characteristics, the nature of the offense, and the risk of danger, the weight of the evidence provided above and in the pretrial services report weighs heavily against release. Such information supports and favors the Defendant's continued detention.

## CONCLUSION

The Defendant's motion should be denied for a variety of reasons. First, pursuant to Rule 59, the motion is untimely, and the Defendant, therefore, has waived his right for review of the detention order. Second, even if the Defendant were to request re-opening the detention hearing, he has failed to provide any new information previously unknown to him bearing on the issue of detention under 18 U.S.C. § 3142(f)(2). Lastly, should the Defendant's motion be considered on the merits, a *de novo* application of the § 3142(g) factors would still weigh against release.

Wherefore, the United States respectfully requests the Court deny the Defendant's motion to revoke the detention order and deny his request for release.

Respectfully Submitted,

CALRTON S. SHIER, IV
UNITED STATES ATTORNEY

By:   /s/ Francisco J. Villalobos II
      Assistant United States Attorney
      260 West Vine Street, Suite 300
      Lexington, KY 40507
      (859) 685-4847

9

(859) 233-2747 FAX


CERTIFICATE OF SERVICE

      I hereby certify that on September 2, 2022, I electronically filed this document with the clerk of the court through the CM/ECF system, which will send the notice of electronic filing to all counsel of record.


/s/ Francisco J. Villalobos II
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4847
(859) 233-2747 FAX