Eastern District of Kentucky
**F I L E D**

**SEP 12 2022**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 22-CR-00087-KKC**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**                                **PLEA AGREEMENT**

**JONATHON W. ANDERSON**                                                      **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment. Count 1 charges a violation of 18 U.S.C. §922(g)(9), possession of a firearm by a prohibited person (misdemeanor crime of domestic violence). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2 of the Indictment.

2. The essential elements of Count 1 are as follows:

   (a) That the defendant had been convicted of a misdemeanor crime of domestic violence and knew he had been convicted of such a crime at the time of the offense;

   (b) That the defendant, following his conviction, knowingly possessed a firearm; and

   (c) That the firearm crossed a state line prior to the defendant's possession.

3. As to Count 1 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

1

(a) On June 8, 2021, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) executed a search at the Defendant's residence in Versailles, Woodford County, Kentucky, in the Eastern District of Kentucky. During the search, agents located a total of ~~twenty-two (22)~~ at least 19 firearms consisting of various, rifles, shotguns, handguns, and personally made firearms along with various firearms parts, accessories, and manufacturing equipment. *PJP ZDD*

(b) Of the firearms seized from the Defendant's residence, two of the firearms were determined by the ATF Firearms and Ammunitions Technology Division to be "machineguns" as defined under 26 U.S.C. § 5845(a) & (b) and 18 U.S.C. § 921(a)(24). Neither of these "machineguns" bore any manufacturer's marks of identification or serial numbers as required under the National Firearms Act.

(c) Of the remaining firearms, the following were analyzed by an ATF Interstate Nexus expert and determined to have been manufactured outside Kentucky, and, therefore, had crossed state lines prior to the Defendant's possession:

  i.    Remington, Model: 7400, Cal.: 30-06 Sprg. rifle, SN: C8017408;
  ii.   Ceska Zbrojovka (CZ), Model: P-10 C, Cal.: 9x19, pistol, SN: C643441;
  iii.  Harrington & Richardson, Model: Topper 58, Cal.: 12 GA, shotgun, SN: AM386339; and
  iv.   Ruger, Model: GP100, Cal.: 357 Magnum, revolver; SN: 177-92627

(d) The Defendant admits that he possessed the aforementioned ~~twenty-two (22)~~ at least 19 firearms seized from his residence on June 8, 2021. The Defendant further admits that he was prohibited from possessing firearms at the time of the offense as he had previously been convicted of and knew at the time of the offense charged in the Indictment that he had been convicted of a misdemeanor crime of domestic violence, to wit, Assault Fourth Degree (Domestic Violence), by final judgment of the Woodford District Court, Case No. 10-M-0044, in July of 2011. *PJP ZDD JJ.*

4. The statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $250,000, and not more than 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

2

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (USSG) in effect as of November 1, 2021, will determine the Defendant's guidelines range.

(b) Pursuant to USSG § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and the provided discovery materials.

(c) Pursuant to USSG § 2K2.1(a)(4), the base offense level 20 as the offense involved a firearm described in 26 U.S.C. § 5845(a) and the Defendant was a prohibited person at the time of the instant offense;

(d) Pursuant to USSG § 2K2.1(b)(1)(B), the offense level is increased by 4 levels as the offense involved at least 8 but not more than 24 firearms.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of

3

counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

4

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

5

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/12/22                    By: _____ for
                                      Francisco J. Villalobos II
                                      Assistant United States Attorney

Date: 9-12-22                    _____
                                      Jonathon W. Anderson
                                      Defendant

Date: 9-12-22                    _____
                                      Pamela Perlman
                                      Attorney for Defendant

6