UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
CASE #5:22-CR-87 KKC

UNITED STATES OF AMERICA, PLAINTIFF

V.

SENTENCING MEMORANDUM

JONATHAN ANDERSON, DEFENDANT

Jonathan Anderson is a 42-year-old, successfully self-employed plumber and electrician who lives in Versailles. He has partial custody of his two youngest sons, the other two sons are over the age of 18. He pays child support and is actively involved in parenting. He has no felony convictions prior to this charge and is statutorily eligible for probation.

At the crux of this case is Jonathan Anderson's medically precipitated addiction to opiates. In order to overcome that, Jonathan decided to do two things. 1. Develop a hobby, other than work; and 2. Get treatment.

The opiates were originally prescribed by his family physician when Jonathan suffered a back injury. As the Court and now the country is aware, opiate manufacturers created these opiates to be addictive and to require higher doses of medication to treat not only the original injury but the opiate dependence itself.

Jonathan's story differs from so many others who come before the Court because rather than continue that lifestyle which ends inevitably with a criminal conviction for drug trafficking, Jonathan began treatment for suboxone at Second Chance Clinic in Lexington in 2018. Their records, which counsel has provided to the US Probation office

and will have available for the Court's review at sentencing, show that since 2018, Jonathan has never tested positive for any substance other than the suboxone. A court order for random testing by the Capitol Court authority corroborates that Jonathan has no positive tests for anything other than his prescribed medication. These records have also been provided to Probation and will also be available on sentencing for the Court's review.

Here's where the hobby comes in. The hobby Jonathan was drawn to was gunsmithing and gun collecting. He did not shoot the guns. He liked to work on them. It was a hobby he enjoyed and was good at. Most importantly, it was a hobby that kept his mind off the opiates.

Yes, he had pieces of machine gun weaponry – but the pieces that he had in his possession were inoperable. They meet the definition of "machine gun" under federal law but these pieces of weaponry were not used, had never been used, and could not have been used.

The *advisory* guidelines in this case are 57-71 months based upon a base offense level of 21 and a criminal history category of IV. Five to six years for possession of firearms that never left the Defendant's house and without a prior felony conviction seems like an unreasonable sentence.

Under USSG 4A1.3(b)(1), the Court may depart downward when "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history."

The Defendant's criminal history is, for the most part, petty financial crimes of cold checks and poor driving, much of which undoubtedly derives from the drug issue. Defendant asserts that a departure from the advisory guidelines is appropriate in this case.

Despite the offense at issue here having been committed in 2021, Jonathan was not arrested until 2022. And despite the ATF investigating and then leaving him completely alone at home for a year, when he was arrested on the federal indictment the same officials opposed Jonathan's release on home incarceration. He's been in continuous custody since July 24, 2022; first at Woodford County Detention Center and recently moved to Grayson Detention Center.

The nature of the Defendant and the offense in this case are not the usual firearms or drug case. The Defendant, a man with a drug addiction he has addressed on his own, collected and worked on firearms within the privacy of his own home. Out of concern for their father, one of his sons apparently contacted law enforcement. No one was threatened or endangered; no weapon was used or threatened to be used.

This is not to say the offense is not serious, or to offer that respect for the law against domestic violence offenders possessing firearms should not be promoted. But in this case particularly, the Defendant asks the Court to fit the punishment to the actual crime.

The main goal of sentencing with regard to Jonathan Anderson needs to be to get him completely off all drugs and give him the tools to stay off of them. With this accomplished, the deterrent and public protection goals of sentencing will be advanced.

Having been dispossessed of the tools of his hobby, he will not collect those again. His year out of custody between the investigation and arrest demonstrates that.

Jonathan needs to get off the suboxone completely; counsel suggests on-going drug treatment as well as A.A./N.A. meetings with the requirement of obtaining a sponsor in the program. Defendant asks the Court

In consideration of the 3553 factors and the admonition that federal sentences should be no greater than necessary to achieve the goals of sentencing, the Defendant asks the Court for a substantial variance from the 57-71 months of the advisory guidelines and to consider a split-sentence as authorized by statute to include a short term of incarceration followed by home incarceration, community service, and on-going drug treatment.

Respectfully submitted,

/s/ Pamela D. Perlman

Pamela D. Perlman
P.O. Box 22107
Lexington, KY 40522
(859) 231-7572

CERTIFICATE OF SERVICE

Notice is hereby given that a true and correct copy of the foregoing has been delivered via ECF, this 8th day of December, 2022.

/s/Pamela D. Perlman
Pamela D. Perlman